CANBY (RANDOLPH v.). See Case No. 11,-559.

## Case No. 2,379.

### The CANDACE.

[1 Lowell, 126;[1] 3 Am. Law Rev. 575; 9 Int. Rev. Rec. 177.]

District Court, D. Massachusetts. Feb., 1867.[2]

SHIPPING—PASSENGER ACT OF 1855 —WHEN FINE A LIEN ON VESSEL.

Section 15 of the act of 3d March, 1855 (10 Stats. 720), which enacts "that the amount of the several penalties imposed by the foregoing provisions * * * shall be liens on the vessel or vessels violating these provisions," does not apply to the fine imposed on the master by section 1 of that act. upon his conviction of a misdemeanor, but only to the civil penalties imposed on owners as well as masters, by sections 2 and 8 of the act, for a violation of sections 2–5, 7.

[Cited in The Strathairly, 124 U. S. 570, 8 Sup. Ct. 612. Applied in The Sidonian, 38 Fed. 443.]

Libel of information by the United States against the brig Candace, alleging that the master took on board at a port in the Cape de Verd Islands, and brought to Boston eleven passengers, without providing them with the space required by St. 1855, c. 213, § 1 (10 St. 715). The allegations were, that the height from the deck or platform on which these passengers were carried, to the deck above, was less than six feet, whereby the master became liable to a penalty of fifty dollars for each passenger so carried, amounting in all to five hundred and fifty dollars, and that the amount of this penalty was a lien on the vessel. The owners of the brig filed their claim and answer, in which, after requiring the government to make out the facts alleged, they denied, as matter of law, the liability of the vessel. It was proved that the passengers had only the height of five feet and one-tenth allotted to them, instead of six feet as required by the statute. The master had not been tried on the indictment pending against him for these breaches of the law.

W. A. Field, Asst. Dist. Atty., for the United States.

The fifteenth section of the act provides, "that the amount of the several penalties imposed by the foregoing provisions regulating the carriage of passengers in merchant vessels, shall be liens on the vessel or vessels violating those provisions, and such vessel or vessels shall be libelled therefor, in any circuit or district court of the United States where such vessel or vessels shall arrive." This applies to all penalties of a fixed amount. The master, if convicted, could be fined no more and no less than fifty dollars for each passenger.

T. H. Russell, for claimants.

Admitting the facts to be as laid in the information, we object, 1. That the penalty imposed by the first section of the act does not apply to the height between decks, but only to the superficial area of deck; and 2. That before any penalty under that section can be recovered by libel against the vessel, the master must first be convicted and fined.

LOWELL, District Judge. Upon a careful consideration of the statute, I am satisfied that the penalties referred to in section 15 are the numerous pecuniary penalties imposed by sections 2 and 8, and not the fines imposed by sections 1 and 6. By section 2, if the berths are not sufficient and suitable, the owners and master shall severally forfeit five dollars for each passenger, to be recovered by the United States in any port where the vessel may arrive or depart. By section 8, the owners and master shall severally forfeit and pay to the United States two hundred dollars for each violation of any one of the three preceding sections, and fifty dollars for each violation of still another section, to be recovered in any circuit or district court within the jurisdiction of which the vessel may arrive or from which she may be about to depart, or where the owners or master may be found. It is clear that the fifteenth section gives a right of action against the vessel itself as well as against the master and owners personally, to recover these sums or any of them; a point which was very doubtful upon those sections alone, because

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

[2] [Affirmed by the circuit court. (Case not reported.]

they do not, in terms, give an action against the vessel, though they do give jurisdiction to the courts of the district in which she may be found.

But to apply the fifteenth section to the fines which may be imposed upon the master when convicted of a misdemeanor under the first- or sixth section is more difficult. In the first place, the penalty is or may be partly imprisonment. By the sixth section, for wilful failure to supply and distribute provisions, the master must be both fined and imprisoned, and both are discretionary with the court within certain limits; and both together are spoken of as a penalty; but it is a penalty which could not be enforced against a vessel. The case as applied to the first section is not so free from doubt; here the fine is a fixed amount, and could be ascertained before conviction, and is called a penalty, and whether there shall be any imprisonment for a violation of this section is discretionary with the judge; but if imprisonment is imposed, it is certain that both that and the fine are but one penalty for one misdemeanor, and no doubt they would have been so termed in this section if the context had required them to be mentioned together, as it does in the sixth section. It seems, therefore, that the penalty imposed by this section is not of a nature to be recovered against the vessel. But even if we could separate the punishment, and consider the fine by itself as the "amount of the penalty," referred to in the fifteenth section, there would be great difficulties and objections remaining. Suppose this fine to be recovered of the vessel in the first instance, how could the master on his trial for the misdemeanor avail himself of the fact? Not in bar certainly, for it is neither an acquittal nor a conviction, nor does it go to the whole of his punishment. Or suppose the master tried and acquitted, how could that judgment avail the owners of the vessel in a civil suit for the penalty?

Again, a lien is commonly, if not always, a security for a civil debt or responsibility, including civil forfeitures under the revenue laws. To hold a lien over the property of a wrong-doer as security for a fine which may be imposed upon him after conviction of the offence is unusual, and would not often be useful, because the defendant always stands committed [3] until his fine is paid; and this is the highest security known to the law for any pecuniary liability; but that such a fine should be sued for before it is imposed, and against the goods of a third person, is surely without precedent. Again it is to be observed, that what I have called the civil penalties of sections 2 and 8 may be recovered by a personal action as well as by proceedings against the ship, and are imposed upon the owners [in terms],[4] as well as the master; but the fines of the first and sixth sections are imposed upon the master only, and are to be recovered only by indictment, and no allusion is made in these two sections to any other remedy, nor to a proceeding in the district where the vessel may be found.

When, therefore, I consider the kind of penalty mentioned in the first section, which may be partly imprisonment, the person upon whom it is imposed, being the master only, the mode of its enforcement by a criminal trial and sentence, the absence of allusion to any responsibility of the owner or vessel; in all which respects it differs from the mere pecuniary civil penalties imposed by the other sections; and further that the ordinary office of a lien is to be security for a debt or civil liability, and the great difficulty of applying it in fact in aid of the criminal responsibility of a third person, and find that there are in the statute many civil pecuniary forfeitures or penalties to which the fifteenth section giving these liens is properly and exactly applicable; and that to the only other criminal penalty mentioned in the act, it cannot possibly be applied, before conviction of the master, because the amount is not fixed until then,—I am constrained to conclude, that it does not [at least before the conviction of the master,] [4] give a lien upon the vessel for the fines which may be imposed upon him for a violation of the first section of the act.

Decree for the claimants.

CANDACE, The (UNITED STATES v.). See Case No. 2,379.

CANDALERO, The (McGRATH v.). See Cases Nos. 8,809 and 8,810.

CANDEE (DAY v.). See Case No. 3,076.

CANDEE (IVORY v.). See Cases Nos. 4,582 and 4,583.

---

[3] [3 Am. Law Rev. 575, gives "convicted."]

