## Case No. 9,653.

### The MISSOURI.

[4 Ben. 410; [1] 12 Int. Rev. Rec. 209.]

District Court, E. D. New York. Dec., 1870.[2]

PENALTY—GOODS NOT ON THE MANIFEST—IMPOR-
TATION—EVIDENCE—MANIFEST—SEIZURE
REPORTS.

1. On the arrival of a steamer from Havana at the port of New York, several lots of cigars, no one of which lots consisted of as many as three thousand, or had any shipping marks on them, were found in different parts of the vessel. No permits were obtained by any one for the landing of any of these lots, and they were not on the manifest, and were not returned by the officers as landed with the cargo: Held, that, as no entry of cigars of less than three thousand in a single package can be made (14 Stat. 328), and as all goods on the manifest must be designated by a shipping mark (1 Stat. 644), none of these goods could have been intended to be on the manifest, and all must have been intended to be landed, and the steamer was, therefore, liable for the penalty of the value of the goods, under the 8th section of the act of July 18, 1866 (14 Stat. 180).

[Cited in The Sidonian, 38 Fed. 442.]

2. Goods are imported and brought into the United States, when brought within the limits of a port of entry with the intention of unlading them there.

3. A paper, purporting on its face to be the manifest of the steamer, was proved to have been produced from the usual place of deposit in the custom house for ships' manifests, and it was proved that no other manifest for the voyage was on file, but no other proof of the genuineness of the paper was offered: Held, that the paper was admissible in evidence.

4. It was proved that certain other lots of cigars were brought to the store-room of the seizure department of the custom house, as seized goods, and the reports of the seizure, required by the regulation, and produced from the files of the department, stated that these lots had been found on the steamer. No such lots of cigars appeared on the manifest: Held, that this evidence was not sufficient evidence of the importation of the goods in the vessel to shift the burden of proof to the claimants.

In admiralty.

B. F. Tracy, U. S. Dist. Atty.
Goodrich & Wheeler, for claimant.

BENEDICT, District Judge. This is a proceeding in rem, wherein, under the provisions of the act of July 18, 1866, § 8 (14 Stat. 180), it is sought to charge the steamship Missouri with the amount of certain

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed in Case No. 15,785.]

penalties, to which it is claimed the master of that vessel has become subject, by reason of the importing or bringing into the United States from a foreign port, in that vessel, certain quantities of cigars, which were not included in or described in the manifest, as required by the act of March 2, 1799, § 24 (1 Stat. 646). The main questions of law, upon which the right to maintain this action depends, have been determined, so far as this court is concerned, in disposing of the exceptions which were taken to the libel [Case No. 9,652], and will not be again referred to. The only question now presented is, as to the sufficiency of the evidence introduced by the government to show that the cigars described in the libel were imported into the United States from a foreign port, in this steamer, without being included in the ship's manifest.

The proofs show, that the Missouri arrived in the port of New York, on the 1st of October, 1868, from Havana, and proceeded, by way of the Narrows, to pier 4, North river, where she lay until October 8th. She came directly from Havana to this port, and such goods as were brought in her, were imported and brought into the United States when brought within the limits of a port of entry, with the intention of unlading them there, U. S. v. 10,000 Cigars [Case No. 16,450], and cases cited.

After the arrival of the steamer at the pier, as the evidence shows, eleven different lots of cigars were found stowed away in different parts of the vessel, some in the coal bunker, some in a closet, some in the forecastle, some concealed among the cargo amidships, and some in the lower hold, no one of which lots contained as many as 3,000, or had any shipping marks upon them. No permits were obtained by any one for the landing of any one of these lots, and none of them were returned by the officer as landed with the cargo. According to the act of July 28, 1866, § 1 (14 Stat. 328), no entry of cigars of less than 3,000 in a single package can be made, and according to the act of March 2, 1799, § 23 (1 Stat. 644), all goods upon the manifest must be designated by a shipping mark. None of these goods could, therefore, have been intended to be upon the manifest, and all must have been intended to be landed.

The facts above stated are proved by the witnesses who seized the cigars, and by the production of the officer's return, in which none of these lots appear, and, in addition, the manifest of the vessel is produced from the files of the custom house, in which none of these cigars were described or alluded to. Objection is made to the introduction of the manifest, upon the ground that its genuineness is not proved. But the document produced is proved to have been produced from the usual place of deposit, in the custom house, for ship-manifests. It purports, on its face, to be this steamer's manifest for the voyage in question, and it is proved that no other manifest for the voyage is on file. The law required the vessel to have a manifest, and that the master should deliver it to the collector of customs, and, being produced from the custody of the collector, under such circumstances, the place of its deposit is sufficient to warrant its introduction in evidence. U. S. v. Johns, 4 Dall. [4 U. S.] 415; Catlett v. Pacific Ins. Co. [Case No. 2,517]; Buckley v. U. S., 4 How. [45 U. S.] 251.

There are three other lots of cigars mentioned in the information, and known in this proceeding as lots 12, 13 and 14, in regard to which the only evidence tending to show that they were imported in this vessel, is the fact that, at the time this steamer was here, they were brought to the store-room of the seizure department of the custom house, as seized goods, and the regular reports of their seizure, required by the regulation, produced from the files, state that the cigars named were found on this steamer, in places described, immediately after her arrival on this voyage.

This evidence, coupled with the absence of any such packages from the manifest, and the officers' return of the cargo, it has been insisted, is sufficient to shift the burden of proof to the claimants. But this cannot be so. The facts proved furnish no evidence which will warrant the inference that the three lots of goods were brought into this port in this steamer. The value of the various lots, as to which I have found the evidence to be sufficient, is $2,342, and the statute fixes the penalty at the value of the property. For that amount the steamer must be, therefore, held liable, and a decree against her for that amount, with costs, will be entered.

[This cause was taken into the circuit court on an appeal, where the discussion on the act of July 18, 1866 (14 Stat. 180), and the act of March 2, 1799 (1 Stat. 646), resulted in the concurrence of the presiding judge with the opinion delivered in the district court. Case No. 15,785.]