## The Sidonian.

### United States v. The Sidonian.

*(Circuit Court, E. D. Louisiana.    March 2, 1889.)*

MARITIME LIENS—PENALTIES FOR VIOLATION OF "PASSENGER ACT."
    The "passenger act" of 1882, (22 U. S. St. 186,) § 4, requires tables and seats to be provided for the use of passengers at regular meals, and for violation declares that the master shall be deemed guilty of a misdemeanor, and shall be fined not more than $500, and be imprisoned not more than six months. By section 13 the amount of the several fines and penalties imposed by the act on the master are liens upon the vessel, which may be libeled therefor. *Held,* that until a fine has been imposed on the master in a criminal prosecution for failure to provide tables and seats, a libel for such fine cannot be maintained.

In Admiralty.
    Libel filed by the United States against the steam-ship Sidonian, for violation by the master of the act of 1882 known as the "Passenger Act," (22 U. S. St. 186,) in not providing tables and seats for the use of emigrant passengers, at their meals.    It is sought to enforce as a lien against

---

the vessel the amount of the fine which the government alleges has been incurred by the act of the master. An exception filed is to the effect that the action was prematurely brought, because there can be no lien for a fine imposed under the statute, until there has been a conviction, and the fine has been imposed in a criminal proceeding. In the district court the exception was sustained, and the suit dismissed. Libelants appeal.

*Charles Parlonge,* U. S. Dist. Atty.

*Horace E. Upton,* for claimant.

PARDEE, J. In this case I have carefully considered all the authorities cited by the proctors, and some cases not upon either brief. The result is that I concur in the conclusion reached by the judge of the district court. The fourth section of the passenger act of 1882 provides that "for every willful violation of any of the provisions of this section the master of the vessel shall be deemed guilty of a misdemeanor, and shall be fined not more than $500, and be imprisoned for a term not exceeding six months." The thirteenth section of the same act provides "that the amount of the several fines and penalties imposed by any section of this act upon the master of any steam-ship or other vessel carrying or bringing immigrant passengers, or passengers other than cabin passengers, for any violation of the provisions of this act, shall be liens upon such vessel, and such vessel may be libeled therefor in any circuit or district court of the United States where such vessel shall arrive or depart." The libel in this case is brought to recover the fine, which is a part of the penalty imposed by section 4 of the said act.

The first question that occurs in the case is, what is the amount of such fine? It is not a sufficient answer to say that the amount of the fine is in the discretion of the judge, and that it can be determined in a suit in admiralty as well as in a prosecution for the offense. The law having declared the offense to be a misdemeanor, and imposed as a penalty therefor both fine and imprisonment, in the discretion of the court, it would seem that the amount of the fine can only be determined by the court seized of jurisdiction to try the offense, and on the trial and conviction of the offender. In *The Palmyra,* 12 Wheat. 1, it was held that "where there is a forfeiture for acts done which attaches solely *in rem,* or where there is both a forfeiture *in rem* and a personal penalty, the practice has been, and the law is, that the proceeding *in rem* stands independent of, and wholly unaffected by, any proceeding *in personam.*" The case of *The Missouri,* 3 Ben. 508, was an action where the owner and master were made subject to a penalty for a violation of the revenue laws, and the statute provided that "in every such case the master, or any other person having the charge or command of such ship or vessel, shall forfeit and pay a sum of money equal to the value of such goods, not included in such manifest;" and further provided that "in any case where a vessel, or her owner, or master, or manager shall be subject to a penalty for a violation of the revenue laws of the United States, such vessel shall be holden for the payment of such penalty, and may be

seized and proceeded against summarily by libel to recover such penalty in any district court of the United States having jurisdiction of the offense." Here it will be seen that the vessel was made primarily liable for the penalty, and the same was one which could have been recovered in an ordinary action for debt. The same may be said of the cases of *The Queen*, 4 Ben. 238, and of *The Helvetia*, 6 Ben. 51. The cases of *The Missouri*, 4 Ben. 410, 9 Blatchf. 433, and *The Queen*, 11 Blatchf. 416, are affirmations by the circuit court of the decisions rendered in the respective cases of *The Missouri* and *The Queen*, in the district court. The case of *The Snowdrop*, 30 Fed. Rep. 79, was a case similar on the point in question to that of *The Missouri*, *supra*. The case of *Pollock* v. *The Sea Bird*, 3 Fed. Rep. 513, was brought under section 4465 of the Revised Statutes, which provides that "it shall not be lawful to take on board of any steamer a greater number of passengers than is stated in the certificate of inspection, and for every violation of this provision the master or owner shall be liable to any person suing for the same, to forfeit the amount of passage money, and $10 for each passenger, beyond the number allowed;" and under section 4469 of the Revised Statutes, which provides that "the penalty imposed by section 4465 shall be a lien upon the vessel in each case;" and it was decided that the United States was not a necessary party to the suit instituted under these statutes, and that the language of section 4469 gave a direct remedy in admiralty against the vessel for the recovery of the penalty. The suit brought was by an informer, and the court, following the decisions in the cases of *The Missouri* and *The Queen*, *supra*, held that the suit was well brought. It is to be noticed that the suit was one for which an action of debt would lie, and that the amount of the penalty was fixed and determined by the statute. The case of *Navigation Co.* v. *U. S.*, Taney, 418, was a suit brought by an informer against a vessel on the ground that she had forfeited the sum of $500 because her boilers and machinery had not been examined within six months, as required by the act of congress July 7, 1838, the penalty being that "the owner or owners of said vessel shall forfeit and pay to the United States the sum of $500,—one-half for the use of the informer,—and for which sum or sums the steam-boat or vessel so engaged shall be liable, and may be seized and proceeded against summarily by way of libel in any district court of the United States having jurisdiction of the offense;" and the eleventh section of the act provided that "the penalties imposed by this act may be sued for and recovered in the name of the United States in the district or circuit court of such district or circuit where the offense shall have been committed, or forfeiture incurred, or in which the owner or master of said vessel may reside,—one-half to the use of the informer, and the other to the use of the United States; or the said penalty may be prosecuted for by indictment in either of the said courts." The decree in the district court was that the owners forfeit and pay the sum of $500, and that the steam-boat be sold, and the proceeds brought into court, to pay the said forfeiture and costs; the residue, if any, to be subject to the future order of the court. In deciding the case on appeal Chief Justice TANEY said:

"A penalty of $500 cannot be recovered from the owners in an admiralty proceeding by libel. The mode of proceeding in order to recover the penalty from them is by suit or indictment, proceeded in according to the forms of the common law. This is the mode of proceeding provided for in the eleventh section of the law of congress, and in the form adopted by the district attorney. No judgment or decree for the penalty can be obtained against the owners of the boat. The decree of the district court is erroneous, therefore, in this respect; but, so far as it directs the sale of the vessel, the decree is correct, for the penalty for which the boat is liable may be recovered by a proceeding *in rem* against her without any proceeding against the owners, or any decree against them. The case of *The Palmyra*, 12 Wheat. 14, is conclusive on this point."

It will be noticed with regard to this case that the penalty sued for was one which might have been recovered in an action of debt; and, further, that, by the terms of the act, the steam-boat or vessel was made primarily liable, and that authority was given to seize the said vessel, and proceed against it summarily by way of libel.

From these cases, it would seem clear that where there is a forfeiture for acts done which attaches solely *in rem*, or where there is both a forfeiture *in rem* and a personal penalty, or where a penalty is imposed upon a master or owner of a vessel for acts done or omitted by the owner or master, and the same is made a lien upon the ship, and is one that can be recovered in an action of debt, that the practice has been, and the law is, that the proceeding *in rem* stands independent of and unaffected by any proceeding *in personam*. In none of these cases, however, has it been held that, where a statute provides that any acts done or omitted to be done by the master of a vessel shall be a misdemeanor punishable by either fine or imprisonment, and the vessel is made secondarily, and not primarily, liable for the amount of any penalty incurred, a court of admiralty may enforce such secondary liability by a proceeding *in rem*, without reference to the trial and conviction of the offender. The case of *The Candace*, 1 Low. 126, was a case under the passenger act of 1855, and seems to bear directly upon the point involved in the case in hand. The first section of the said act provided as a penalty for its violation:

"Every such master shall be deemed guilty of a misdemeanor, and, upon conviction therefor before any circuit or district court of the United States, shall, for each passenger taken on board beyond the limit aforesaid or the space aforesaid, be fined in the sum of $50, and may also be imprisoned, at the discretion of the judge before whom the penalty shall be recovered, not exceeding six months."

The sixth section of the said act provided that—

"Any captain or master of any such ship or vessel who shall willfully fail to furnish and distribute such provisions, cooked as aforesaid, shall be deemed guilty of a misdemeanor, and, upon conviction therefor, before any circuit or district court of the United States, shall be fined not more than $1,000, and shall be imprisoned for a term not exceeding one year."

The eighth section of the act provided that—

"For a violation of the third, fourth, or fifth sections of the act, that the master and owner or owners of any such vessel shall severally forfeit and pay

to the United States the sum of $200 for each and every violation of, or neglect to conform to, the provisions of each of said sections, and $50 for each and every violation or neglect of any of the provisions of the seventh section; the same to be recovered by suit in any circuit or district court of the United States within the jurisdiction of which the said vessel may arrive, or from which she may be about to depart, or at any place within the jurisdiction of said courts, wherever the owner or owners or captain of such vessel may be found."

And the fifteenth section of the act provided that—

"The amount of the several penalties imposed by the foregoing provisions regulating the carriage of passengers in merchant vessels, shall be liens on the vessel or vessels violating those provisions, and such vessel or vessels shall be libeled therefor in any circuit or district court of the United States where such vessel or vessels shall arrive."

The case before Judge LOWELL was one for the violation of the first section of the act. In deciding the case, the judge said:

"It is clear that the fifteenth section gives a right of action against the vessel itself, as well as against the master and owners personally, to recover these sums or any of them; * * * but to apply the fifteenth section to the fines which may be imposed upon the master when convicted of a misdemeanor under the first or sixth sections is more difficult. In the first place, the penalty is, or may be, partly imprisonment. By the sixth section, for willful failure to supply or distribute provisions, the master must be both fined and imprisoned; and both are discretionary with the court, within certain limits, and both together are spoken of as a penalty; but it is a penalty which could not be enforced against a vessel. The case, as applied to the first section, is not so free from doubt. Here the fine is a fixed amount, and could be ascertained before conviction, and is called a 'penalty,' and whether there shall be any imprisonment for a violation of this section is discretionary with the judge; but, if imprisonment is imposed, it is certain that both that and the fine are but one penalty for one misdemeanor, and no doubt they would have been so termed in this section if the context had required them to be mentioned together, as it does in the sixth section. It seems, therefore, that the penalty imposed by this section is not of a nature to be recovered against the vessel. But, even if we could separate the punishment, and consider the fine by itself, as the 'amount of the penalty' referred to in the fifteenth section, there would be great difficulties and objections remaining. Suppose this fine to be recovered of the vessel in the first instance, how could the master, on his trial for the misdemeanor, avail himself of the fact? Not in bar certainly, for it is neither an acquittal nor a conviction; nor does it go to the whole of his punishment. Or, suppose the master tried and acquitted, how could that judgment avail the owners of the vessel in a civil suit for the penalty? Again, a lien is commonly, if not always, a security for a civil debt or responsibility, including civil forfeitures under the revenue laws. To hold a lien over the property of a wrong-doer as security for a fine which may be imposed upon him, after conviction of the offense, is unusual, and would not often be useful, because the defendant always stands committed until his fine is paid, and this is the highest security known to the law for any pecuniary liability; but that such a fine should be sued for before it is imposed, and against the goods of a third person, is surely without precedent. Again, it is to be observed that what I have called the 'civil penalties' of sections two and eight may be recovered by a personal action as well as by proceedings against the ship, and are imposed upon the owners as well as the master; but the fines of the first and sixth sections are imposed upon the master only, and are to be recovered

only by indictment, and no allusion is made in these two sections to any other remedy, nor to a proceeding in the district where the vessel may be found. When, therefore, I consider the kind of penalty mentioned in the first section, which may be partly imprisonment, the person upon whom it is imposed being the master only, the mode of its enforcement by a criminal trial and sentence, the absence of allusion to any responsibility of the owner or vessel, in all which respects it differs from the mere pecuniary civil penalties imposed by the other sections; and further, that the ordinary office of a lien is to be security for a debt or civil liability, and the great difficulty of applying it, in fact, in aid of the criminal responsibility of a third person, and find that there are in the statute many civil pecuniary forfeitures or penalties to which the fifteenth section, giving these liens, is properly and exactly applicable, and that to the only and other criminal penalty mentioned in the act it cannot possibly be applied before conviction of the master, because the amount is not fixed until then,—I am constrained to conclude that it does not give a lien upon the vessel for the fines which may be imposed upon him for a violation of the first section of the act."

By the passenger act of 1882 a violation of the first section on the part of the master is declared "a misdemeanor;" for any violations of the provisions of the second section "the master of the vessel shall be liable to a fine of $5 for each passenger carried or brought on the vessel;" for any violation of any of the provisions of the third section "the master of the vessel shall be liable to a penalty not exceeding $250;" for every willful violation of any of the provisions of the fourth section "the master of the vessel shall be deemed guilty of a misdemeanor, and shall be fined not more than $500, and be imprisoned for a term not exceeding six months;" for a violation of any of the provisions of the fifth section "the master shall be liable to a penalty not exceeding $250;" for any violation of the provisions of the sixth section "the master of the vessel shall be liable to a penalty not exceeding $250;" for a violation of the provisions of the seventh section "the master shall be deemed guilty of a misdemeanor, and shall be fined not more than $100;" for a violation of the provisions of the eighth section "the master of the vessel shall be deemed guilty of a misdemeanor, and shall be fined not exceeding $1,000, and shall be imprisoned for a period not exceeding one year;" for the violation of any of the provisions of the ninth section "the master of the vessel shall be liable to a fine not exceeding $1,000;" for violation of the provisions of the tenth section "the master or consignees of any vessel shall be liable to a penalty of $50;" and for a violation of the provisions of the twelfth section "the master shall be deemed guilty of a misdemeanor, and may be fined not exceeding $1,000, and be imprisoned not exceeding one year, and the vessel shall be liable to seizure and forfeiture." From this it is seen that the act provides for penalties which, in some instances, can be recovered against the master in an action of debt, and in other instances can only be recovered from the master in a proceeding by indictment; and in one instance, in addition to the penalties imposed upon the master, it is provided that the vessel shall be liable to seizure and forfeiture. The lien on the vessel for the amount of the several fines and penalties imposed by any section of the act and given by the thirteenth section may apply to all the pecuniary

penalties imposed in the act, except the penalty imposed by the twelfth section, where forfeiture of the vessel is added to the penalty imposed on the master; but, if it does so apply, the vessel is not made primarily liable for the penalty. And while it may be that under the practice as approved by the adjudged cases the lien for all those penalties against the master that are simply pecuniary forfeitures recoverable in an action of debt may be enforced in a proceeeding *in rem*, regardless of any action *in personam*, it is clear that any lien which may exist for the fines that may be imposed on the master for those violations of the law declared to be "misdemeanors" cannot be enforced until after the amount thereof shall be determined by the proper court, in a criminal proceeding against the master. If the master does not owe, the vessel does not owe. To determine whether or not the master owes a fine for a misdemeanor, there must be a criminal prosecution wherein the accused may have the verdict of a jury. A decree will be entered in this case dismissing the libel.